UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

ARTURO ANCAYAN
DANA ANCAYAN

      Debtors.

Case No.: 3-09-bk-09376-PMG
Chapter 11

## CHAPTER 11 CASE MANAGEMENT SUMMARY

Arturo and Dana Ancayan, pursuant to Administrative Order Jax 2009-1, hereby file this Chapter 11 Case Management Summary (the "Summary"). In support of this Summary, the Debtors would show:

### INTRODUCTION

The Debtors had filed a previous petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code") in 2008. Due to unexpected decreases in the Debtors' income during the Chapter 13 case, they moved out of their homestead property and rented the home to a tenant. The Chapter 13 case was ultimately dismissed as a result of a large increase in the monthly payment. The Debtors filed this Chapter 11 on November 5, 2009. An order for relief was entered, and pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors retained possession of their property, assets, and were duly authorized as Debtors-in-possession to continue the operation and management of their business. No trustee or examiner has been appointed in this bankruptcy case. A committee of unsecured creditors has not been appointed.

### CASE MANAGEMENT ITEMS

I. **Description of the Business**

The Debtors are both employed by third parties. The Husband is employed as a mortgage specialist with Wells Fargo and the Wife is employed as an office manager with a small law firm. During the real estate boom, they had purchased a condo and expensive homestead based on the Husband's increased income. However, when the mortgage crisis took hold, the husband's income declined dramatically. As result, the condo payment and homestead payment became too much for the Debtors. They vacated the homestead and plan to surrender the condo unit. The Debtors are delinquent on their homestead mortgage as a result of the decline in the Husband's income. A search of the Florida UCC registry reveals the following entities alleging a security interest in the Debtors' Property:

| Entity | Collateral Encumbered | Date of First Filing |
|---|---|---|
| N/A | | |
| | | |

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

**II.    Location of Operations and Whether Leased or Owned**

The Debtors' are not in business.

**III.   Reasons for Filing Chapter 11**

The Debtors began to experience financial problems approximately 2 years ago. As an initial response, they filed Chapter 13 and attempted to keep both the condo and the homestead. As the income began to decline further during the real estate downturn, the debtors used credit cards to fund living expenses. Eventually, the mortgage and unsecured debt became too high to sustain with the decreased income. The Debtors are attempting to restructure the mortgage debt on the former homestead and the unsecured debt.

**IV.   List of Officers and Directors and Their Salaries and Benefits at Time of Filing and During the One Year Prior to Filing**

The Debtors are individuals.

**V.    Annual Gross Revenues**

The Debtors' 2007 1040 reflected gross income of $38,786.00. For 2008, the Debtors' 1040 reflected gross income of $52,544.00.

**VI.   Amounts Owed to Various Classes of Creditors**

The Debtors' largest creditors are secured claims listed on Schedule D of $617,357.00. There is also approximately $138,000.00 of unsecured debt.

The Debtors do not owe any priority claim or any indebtedness on account of any governmental unit or domestic support obligation.

**VII.  General Description and Approximate Value of the Current and Fixed Assets**

The Debtors' assets consist primarily of a former homestead and investment property with a value of $388,000.00 and personal property listed on Schedule B which, on information and belief, has a value of approximately $21,000.00.

**VIII.** **Number of Employees and Amount of Wages Owed as of Petition Date**

The Debtors have no employees personally. Wages are not paid.

**IX.** **Status of Payroll and Sales Tax Obligations**

The Debtors do not owe any money for sales tax or payroll taxes. Sales taxes are paid monthly and are up to date with the Department of Revenue through the corporation.

**X.** **Anticipated Emergency Relief Within 14 Days of Petition Date**

None.

WHEREFORE, the Debtors respectfully submit this Summary.

Respectfully submitted this __11th__ day of November, 2009

LAW OFFICES OF MICKLER & MICKLER

By:_____
Bryan K. Mickler
Florida Bar No. 091790
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
(904) 725-0855 FAX
bkmickler@planlaw.com
*Counsel for the Debtors*

3